# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOENETTE D. KELLY-KIDD,**

    **Plaintiff,**

  v.                                                Case No. 20-CV-1638

**MILWAUKEE AREA TECHNICAL COLLEGE, et al.,**

    **Defendants.**

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

Joenette Kelly-Kidd, who is representing herself, brings this employment discrimination lawsuit alleging that her former employer, the Milwaukee Area Technical College ("MATC") and Director of Facilities James Weishan, discriminated against her on the basis of her race, gender, age, and disability and retaliated against her because she opposed discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").[1] Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Kelly-Kidd's claims are time barred and fall outside the scope of her right-to-sue letter and that her complaint fails to state plausible claims. For the following reasons, defendants' motion to dismiss is granted and this case is dismissed.

---

[1] Kelly-Kidd originally also sued the Director of Labor Relations, Daniel McColgan. Kelly-Kidd orally moved to dismiss McColgan as a defendant at a status conference held on January 19, 2021. (Docket # 17.) Kelly-Kidd's motion was granted on the record. (*Id.*)

## PLAINTIFF'S ALLEGATIONS

Kelly-Kidd attaches to her complaint the discrimination complaint that she filed with the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD") and with the Equal Employment Opportunity Commission ("EEOC") on November 8, 2018. She alleges that during the relevant time period, she was the only Black female supervisor/manager over the age of forty-years-old with a medical condition in a work environment of all males. On September 19, 2018, a fact-finding by Weishan and McColgan found that Kelly-Kidd had allegedly failed to do her work. Subsequent to this finding, Kelly-Kidd was placed on paid suspension by Weishan and was walked off the premises by public safety. Kelly-Kidd alleges that Weishan informed her that she was not allowed on any MATC properties without his permission, including not attending a class that she had paid for herself. Kelly-Kidd alleges that other employees with similar failures were treated more favorably, for example, a younger male employee, who also allegedly failed to complete an eight-hour work day, was relocated to a smaller campus.

Kelly-Kidd further alleges that Weishan placed a tracking device on the MATC vehicle she used in the course of her employment, hired a private investigator to follow her, was not truthful in his preparation of her annual performance evaluations for two to three years, told her not to call him on his personnel cell phone while male supervisors and managers could, undermined her authority to her employees, and was not truthful in explaining the pay disparity between Kelly-Kidd and another employee before increasing her pay. Finally, Kelly-Kidd alleges that the several "fact-finding" meetings she was involved in resulted in embarrassment, stress, lack of sleep, and anxiety attacks.

# MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be

construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

Defendants move to dismiss Kelly-Kidd's claims as time-barred, outside the scope of her right to sue letter, and for failure to state a plausible claim.

Under Title VII, the ADEA, and the ADA, an individual must exhaust her administrative remedies by: (1) filing a timely charge of discrimination with the EEOC within 300 days of the allegedly wrongful treatment and (2) filing suit within ninety days of receiving a right to sue letter from the EEOC with respect to the timely charge. *See Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008). The ninety-day filing deadline begins when a plaintiff receives actual notice of her right to sue letter. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999); *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 701 (N.D. Ill. 2020) ("Unless delay is the plaintiff's fault, the 90-day period begins upon plaintiff's receipt of the notice, not EEOC's issuance."). Compliance with the ninety-day limit is not a jurisdictional prerequisite, but it is a "condition precedent" to relief. *Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991).

In this case, it is undisputed that the EEOC's right to sue letter was dated September 19, 2019. Kelly-Kidd does not allege when she received actual notice of her right to sue letter. Thus, there is a rebuttable presumption that Kelly-Kidd received the right to sue letter no later than September 24, 2019, five days after mailing. *See Hardiman*, 455 F. Supp. 3d at 701–02 ("[A]bsent an established date of receipt, there is a presumption that letters are received five days from the mailing date."); *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) ("[Unless proven otherwise, the receipt date is presumed to be five days from the mailing date."). Kelly-

Kidd, however, did not file her lawsuit until February 2, 2021, long past 90 days after she presumptively received her right to sue letter. Thus, her lawsuit is untimely.

Kelly-Kidd concedes that her lawsuit is untimely, but asks that her untimeliness be excused or equitably tolled because she was mentally incapacitated from October 2018 until mid-2020. (Docket # 18.) Equitable tolling "is reserved for situations in which the claimant 'has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time.'" *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (internal citation omitted). This form of relief is "extended . . . only sparingly," and in situations where a plaintiff has "actively pursued his judicial remedies by filing an ineffective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Furthermore, in cases where the plaintiff invokes mental illness as an excuse for untimeliness, equitable tolling "is permitted only upon a strong showing that the medical condition actually prevented the complaining party from satisfying the limitations requirement." *Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004) (noting that it was "clear from the pleadings that [the plaintiff's] mental and physical illnesses, however taxing, did not actually prevent her from pursuing her legal rights" in light of her "aggressive quest" for the reinstatement of her job).

While I am sympathetic to Kelly-Kidd's mental health challenges, she has not shown that her mental disability actually caused her to miss her filing deadline by more than a year. While the medical records that Kelly-Kidd attaches to her response show that she was in mental health treatment and prescribed medications during the relevant period, the

documents do not substantiate that her mental illness rendered her unable to file her lawsuit or that her mental illness caused her to believe that the filing date was later than it actually was. Accordingly, this is not a basis on which to excuse the untimeliness. For these reasons, Kelly-Kidd's claims must be dismissed as untimely. Additionally, her claims will be dismissed without leave to amend because further amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) (finding that a district court can deny leave to amend if it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted). Finally, because Kelly-Kidd's claims are untimely, I need not address the defendants' other arguments for dismissal.

    **NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to dismiss (Docket # 10) is **GRANTED**.

    **IT IS FURTHER ORDERED** that defendants' motion to strike (Docket # 23) is **GRANTED**. Docket # 21 and Docket # 22 are stricken.

    **IT IS FURTHER ORDERED** that defendants' motion to strike (Docket # 27) is **DENIED**.

    **FINALLY, IT IS ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

    Dated at Milwaukee, Wisconsin, this 18th day of May, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge